**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GENNADIY LOZOV,

*Plaintiff,*

-against-

20 BAY LLC, CAPRI MANAGEMENT INC., KADRI CAPRI

*Defendants.*

-----------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Gennadiy Lozov ("Plaintiff") by and through his attorneys, Naydenskiy Law Firm, LLC, upon his knowledge and belief, and as against 20 BAY LLC, CAPRI MANAGEMENT INC., KADRI CAPRI (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Defendants employed Plaintiff Lozov as a building superintendent for approximately two decades through the present.
2. 20 BAY LLC owns, operates, and/or controls a residential building located at 20 Bay 34th St, Brooklyn, NY, 11214.
3. CAPRI MANAGEMENT INC owns, operates, and/or controls a residential building located at 20 Bay 34th St, Brooklyn, NY, 11214.
4. At all times relevant to this Complaint, Plaintiff worked for Defendants without appropriate compensation or overtime pay for all hours worked.
5. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements required under New York Labor Laws.
6. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.

("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs state law claims is conferred by 28 U.S.C. § 1367(a).
8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. CAPRI MANAGEMENT INC is a domestic corporation organized and existing under the laws of the State of New York. It operates in the property management industry and maintains its principal place of business at 20 Bay 34th St, Brooklyn, NY, 11214.
10. 20 BAY LLC is a domestic corporation organized and existing under the laws of the State of New York. It operates in the property management industry and maintains its principal place of business at 20 Bay 34th St, Brooklyn, NY, 11214.
11. KADRI CAPRI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

12. KADRI CAPRI is being sued in his individual capacity as an "employer" as defined by the FLSA and NYLL.
13. KADRI CAPRI possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.
14. KADRI CAPRI had the power to hire and fire Plaintiff.
15. KADRI CAPRI hired Plaintiff and set Plaintiff's pay rate.
16. KADRI CAPRI hired staff and managed the business.
17. KADRI CAPRI had the authority to set Plaintiff's schedules.
18. KADRI CAPRI assigned Plaintiff's duties and schedule.
19. KADRI CAPRI set Plaintiff's pay rate.
20. KADRI CAPRI had the power to enter into executory contracts on behalf of the business.
21. KADRI CAPRI employed Plaintiff within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.
22. In the alternative, Defendants constitute a single employer of Plaintiff.
23. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.
24. Upon information and belief, Defendants have had a gross annual volume of revenue of not less than $500,000.

**PLAINTIFF**

25. Defendants employed Plaintiff Lozov as a building superintendent for decades through the present.

26. Plaintiff's duties include cleaning the properties interior and exterior multiple times a day, sorting and taking out the trash, sorting and taking out recycling, and shoveling snow when needed.
27. From at least 2020 through the present ("the relevant time period"), Plaintiff Lozov resides in the building and works/worked approximately seven (7) days per week, six (6) hours per day.
28. Plaintiff typically worked approximately forty-two (42) hours per workweek.
29. During the relevant time period, Defendants paid Plaintiff $0 in cash wages.
30. In addition to receiving Plaintiff's unpaid labor, from 2025 through the present, Defendants required Plaintiff to pay rent for the apartment in the building where he performed work for their benefit.
31. From 2025 through the present, Defendants required Plaintiff to pay Defendants $1,350 per month in rent.
32. Defendants never provided Plaintiff Lozov with a proper statement of wages, as required by NYLL 195(3).
33. Defendants failed to provide Plaintiff Lozov all of the proper and complete notices in English and in Russian (Plaintiff's primary language), of his/her rate of pay, the employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.
34. Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (FLSA), and for violations of the NY Labor Law §§ 190 et seq. and 650 et seq., including applicable liquidated damages, interest, and costs.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE AND OVERTIME PROVISIONS OF THE FLSA

35. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

36. Defendants, in violation of the FLSA, failed to pay Plaintiff for each hour worked, in violation of 29 U.S.C. § 207 (a)(1).

37. Defendant's failure to pay Plaintiff was willful within the meaning of 29 U.S.C. § 255(a).

38. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE AND OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

39. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff for each hour worked.

41. Defendant’s failure to pay Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

42. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE

## REQUIREMENT OF THE NEW YORK LABOR LAW

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. Defendants failed to provide Plaintiff with a written notice, in English and in Russian (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

45. Defendants' failure to provide Plaintiff with a written notice resulted in Plaintiff's working without knowledge of his/her correct pay frequency and overtime rate.

46. Plaintiff didn't know he/she were supposed to be paid. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

47. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying wages.

48. Plaintiff was denied his/her ability to proper document his/her hours worked and pay received and his/her ability to document his/her income and employment

history has been compromised by the Defendants' failure to issue proper notices and statements.

49. Plaintiff was denied the ability to properly document his/her employment and income history.

50. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

51. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

52. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

53. Defendants' failure to provide Plaintiff with proper wage statements resulted in Plaintiff working without knowledge of his/her correct rate of pay.

54. Because Plaintiff did not receive the required information in the wage statements containing his/her correct rate, Defendant was able to not pay Plaintiff a cash wage.

55. Plaintiff didn't know he/she was supposed to be paid. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

56. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying wages.

57. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### FLSA UNLAWFUL KICKBACKS 29 U.S.C. 201 ET SEQ.; 29 CFR 531.35

58. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

59. Throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of FLSA and the supporting regulations of the U.S. Department of Labor.

60. This kickback brings Plaintiff below the hourly federal minimum wage.

61. Plaintiff seeks and is entitled to recover damages for his unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, together with such other relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**

**NYLL UNLAWFUL DEDUCTIONS, NYLL 193 & 196(D)**

62. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

63. Throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful deductions/kickbacks in violation of New York Labor Law.

64. The deductions/kickbacks bring Plaintiff below the hourly minimum wage.

65. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

66. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

67. It is against equity and good conscience to allow Defendant to retain the benefit of its wrongful conduct.

**68.** As a result of Defendant's wrongful conduct, Defendants are liable to Plaintiff for all the "rent" money they charged Plaintiff, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:**

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to the Plaintiff;

(d) Awarding the Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding the Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to the Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendant's violations of the New York Labor Law were willful as to the Plaintiff;

(i) Enjoining Defendants from future violations of the NYLL;

(j) Awarding the Plaintiff damages for the amount of unpaid minimum and overtime

wages, damages for any improper deductions or credits taken against wages;

(k) Awarding the Plaintiff damages for Defendants' violation of the NYLL notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding the Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

**Plaintiff demands a trial by jury on all issues triable by a jury.**

Dated: November 3, 2026

By: */s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiff*